**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JOSHUA A. STRICKLIN,
ADC #138119                                                                              PLAINTIFF

V.                                          5:12CV00436-SWW-JTK

CORIZON, INC., et al.                                                          DEFENDANTS

## ORDER

This matter is before the Court on Plaintiff's Motions to Amend, for Issuance of Subpoena,

and to Appoint Counsel (Doc. Nos. 28, 31, 35).

Defendants indicate no objection to Plaintiff's Motion to file an Amended Complaint (Doc.

No. 28); therefore, the Court will grant the Motion.

In his Motion for Issuance of Subpoena (Doc. No. 31), Plaintiff asks the Court to issue a

subpoena duces tecum directing the Arkansas Department of Correction (ADC) Director to provide

information relevant to obtaining service over Defendant Rector.  In their Response, Defendants

state that service originally issued to Rector was returned, unexecuted, because Dr. Rector did not

appear on any employment lists of Corizon, Inc.  Defendants indicate that Dr. Rector is or was an

employee of the ADC.  In light of this information, the Court will deny Plaintiff's Motion without

prejudice, and will direct that summons be reissued to Dr. Rector in care of the ADC.

With respect to Plaintiff's Motion for Counsel (Doc. No. 35), while a pro se litigant has no

statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d

538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims

where "the nature of the litigation is such that plaintiff as well as the court will benefit from the

assistance of counsel."  Johnson v. Williams, 788 F.2d 1319, 1322  (8th Cir. 1986).  In evaluating

the plaintiff's request in <u>Johnson</u>, the Court considered four factors:  (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims.  <u>Id</u>. at 1322-23.

Having considered the above factors, the Court finds that Plaintiff's Motion should be denied at this time.  Plaintiff's claims are not legally or factually complex, and the record demonstrates Plaintiff is capable of proceeding without the benefit of appointed counsel.   Accordingly,

IT  IS THEREFORE ORDERED that:

1.      Plaintiff's Motion to Amend (Doc.  No. 28) is GRANTED.  The Clerk shall docket the supplement to Plaintiff's Motion as his Amended Complaint.

2.      Plaintiff's Motion to Issue Subpoena (Doc. No. 31) is DENIED without prejudice. The Clerk shall issue summons for Defendant Dr. Margaret Rector and the United States Marshal shall serve a copy of the Amended Complaint and summons on Defendant Rector in care of the Arkansas Board of Correction and Community Punishment Compliance Division, P.O. Box 20550, Pine Bluff, AR 71612-0550, without prepayment of fees and costs or security therefore.

3.      Plaintiff's Motion to Appoint Counsel (Doc. No. 35) is DENIED without prejudice.

IT IS SO ORDERED this 8th day of May, 2013.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE